In the Matter of KARL CHUJOI, Petitioner, v DONALD SELSKY, as Director of Special Housing Department of Correctional

Services, Respondent. [708 NYS2d 921] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that prohibit inmates from engaging in violent conduct, creating a disturbance, fighting, assaulting another inmate and possessing a weapon. According to the misbehavior report, the charges stem from an incident wherein petitioner cut another inmate with a razor-type weapon during an altercation in the mess hall. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt.

Initially, we note that petitioner's plea of guilty to the charges of engaging in violent conduct, creating a disturbance and fighting precludes him from claiming that the determination of his guilt on those charges is not supported by substantial evidence (*see, Matter of Moolenaar v Goord*, 266 AD2d 625; *Matter of Anderson v Goord*, 262 AD2d 896). With respect to the remaining charges of assault on an inmate and possession of a weapon, the correction officer who investigated the incident testified that he interviewed the inmates who observed the altercation and concluded that petitioner assaulted the victim with a razor-type weapon. In our view, although this evidence was based upon hearsay, it was sufficiently probative to constitute substantial evidence of petitioner's guilt (*see, Matter of Martinez v Lacy*, 254 AD2d 668). The testimony offered by petitioner and his inmate witnesses suggesting that petitioner did not cut the victim and did not possess the weapon described in the misbehavior report presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Crosby v Goord*, 268 AD2d 931; *Matter of Cruz v Selsky*, 264 AD2d 884, 885).

Petitioner's remaining contentions are not preserved for our review because they were not raised at the disciplinary hearing or on administrative appeal. In any event, were we to review the arguments, we would find that they do not warrant annulment of the determination.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.