■ In the Matter of ANDRE KELLEY, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [711 NYS2d 39] —Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 16, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with violating the prison disciplinary rule that prohibits inmates from possessing or exchanging weapons after an investigation uncovered confidential information that petitioner was storing weapons in another inmate's cell. Following the tier III disciplinary hearing that ensued, petitioner was found guilty as charged and received a penalty of 36 months in the special housing unit with a commensurate loss of privileges and recommended loss of good time. Petitioner commenced this CPLR article 78 proceeding challenging the determination on procedural grounds and Supreme Court dismissed the petition. This appeal followed.

Petitioner contends that he was denied relevant documentary evidence in the form of the unusual incident report and

documentation relating to the search of the other inmate's cell. We are not persuaded. Petitioner was advised that no unusual incident report existed and was provided with all the remaining nonconfidential documentation that was available and relevant to the charges against him (*see, Matter of Rosario v Selsky,* 266 AD2d 656; *Matter of Mays v Goord,* 243 AD2d 882, 883). Similarly, we reject the contention that petitioner was denied the right to call the other inmate as a witness inasmuch as the record reveals that petitioner failed to request the inmate's testimony either on the inmate assistant form or at the disciplinary hearing (*see, Matter of Watson v Goord,* 265 AD2d 700; *Matter of Parker v Goord,* 247 AD2d 694, 695). Moreover, although the Hearing Officer did not personally interview the source of the confidential information which prompted the search, the testimony of the two correction officers who received the confidential information was sufficiently detailed to enable the Hearing Officer to independently assess the reliability of the confidential source (*see, Matter of Valentin v Goord,* 259 AD2d 911, 912, *lv denied* 93 NY2d 817; *Matter of Colon v Goord,* 245 AD2d 582, 584).

Finally, under the circumstances of this case, we cannot conclude that the penalty imposed was harsh and excessive (*see, Matter of Chappelle v Coombe,* 234 AD2d 779, 780). Petitioner's remaining contentions have been considered and rejected as without merit.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.