In the Matter of ANDREW HOUZE, Petitioner, v ROBERT J. MURPHY, as Director of Special Housing/Inmate Disciplinary Program, Respondent. [711 NYS2d 800] —Proceeding pursuant to

CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of assaulting a staff member, violent conduct, refusing a direct order and interference. These charges stemmed from an incident whereby petitioner refused to obey a direct order and subsequently assaulted a correction officer. Contrary to petitioner's contention, the misbehavior report, as well as testimony from various witnesses, including the correction officer who authored the report, provides substantial evidence of petitioner's guilt (*see, Matter of Malik v Senkowski*, 271 AD2d 793). The conflicting testimony offered by petitioner and his inmate witnesses suggesting that petitioner did not push or strike the correction officer presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Chujoi v Selsky*, 272 AD2d 801).

We also reject petitioner's claim that he was improperly denied his right to submit certain documentary evidence. Although the Hearing Officer refused to permit the introduction of photographs depicting the fact that no injuries were sustained by the correction officer involved in the incident, as well as the medical records of the correction officer, our review of the record satisfies us that the requested evidence was either immaterial or redundant (*see, Matter of Gonzalez v Mann*, 186 AD2d 876). Petitioner's remaining contentions, including his claim that the Hearing Officer did not conduct the hearing in a fair and impartial manner, have been reviewed and found to be without merit.

Cardona, P. J., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.