■ In the Matter of DON J. BRITT, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Respondents. [724 NYS2d 363] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with violating the prison disciplinary rules prohibiting inmates from fighting, assaulting another inmate, refusing a direct order and possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty as charged and received a penalty of 12 months' confinement to a special housing unit with a commensurate loss of privileges and recommended loss of good time. Initially, we note that inasmuch as petitioner pleaded guilty to the charges of fighting and refusing a direct order, he is precluded from asserting that the determination in that regard is not supported by substantial evidence (*see, Matter of Rollerson v Selsky*, 281 AD2d 735; *Matter of Chujoi v Selsky*, 272 AD2d 801, *lv denied* 95 NY2d 762).

With respect to the remaining charges of assault on an inmate and possession of a weapon, we find that the misbehavior report, together with the evidence adduced at the hearing, constitute substantial evidence of petitioner's guilt (*see, Matter of Lunney v Selsky*, 275 AD2d 820; *Matter of Chujoi v Selsky, supra*). Petitioner claimed that he was acting in self-defense and possessed the weapon only because he disarmed another inmate. The Hearing Officer was entitled to and did resolve these credibility issues against petitioner (*see, Matter of Chujoi v Selsky, supra*). Moreover, in light of the seriousness of the charges, we do not find that the penalty imposed is so harsh as to shock one's sense of fairness (*see, Matter of Kelley v Goord*, 274 AD2d 705, *lv denied* 95 NY2d 768).

Finally, we note that petitioner's remaining arguments are raised for the first time in petitioner's brief and, accordingly, are not preserved for our review. In any event, were these contentions properly before us, we would find that they do not warrant annulment of the determination.

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.