■ In the Matter of RAYMOND SAUNDERS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [727 NYS2d 666] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a search of petitioner's cell, three razor blades were discovered in petitioner's locker, one of which was fashioned into a weapon. Thereafter, while petitioner's belongings were being packed up for his transfer to the special housing unit, military discharge papers, legal material belonging to another inmate, memoranda taken from the housing unit bulletin board and a radio which appeared to be altered were also discovered. Following a disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules against possessing altered items, altering an electrical device, possession of unauthorized papers and possession of a weapon.*

Inasmuch as petitioner pleaded guilty to altering an electrical device and possessing an altered item, he is precluded from claiming that the determination of guilt as to those charges is not supported by substantial evidence (*see, Matter of Chujoi v Selsky*, 272 AD2d 801, *lv denied* 95 NY2d 762). With respect to the remaining charges, the detailed misbehavior reports and testimony received at the hearing, including admissions made

---

* Petitioner was also charged with but found not guilty of tampering with property, unauthorized legal assistance and possession of excessive clothing.

by petitioner, provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Britt v New York State Dept. of Corrections*, 283 AD2d 751). Although petitioner maintains that the razors were not his, an inference of control arises inasmuch as they were discovered in an area within his control (*see, Matter of Zhang Wan v Selsky*, 278 AD2d 635, *lv denied* 96 NY2d 769). Moreover, any conflict in the evidence presented, including petitioner's claims of retaliation, presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Thornhill v Selsky*, 241 AD2d 631).

Cardona, P. J., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.