■ In the Matter of the Claim of KENNETH GROCHULSKI, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [758 NYS2d 547] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A search of petitioner's belongings uncovered two bags containing residue of a "green leafy substance" located in his locker, which subsequent NIK testing revealed to be marihuana. Petitioner was found guilty of violating prison disciplinary rules prohibiting inmates from possessing controlled substances. In our view, the misbehavior report, the laboratory test result and the testimony of the reporting correction officer provide substantial evidence to support the Hearing Officer's determination. Notably, the reporting correction officer, who was trained in NIK testing procedures, testified that he performed NIK test "E" in accordance with procedures and that the positive test result confirmed his initial belief that the substance was marihuana.

Despite petitioner's claims to the contrary, the misbehavior report properly set out the date, time and place of the incident as required by 7 NYCRR 251-3.1 (c) (3), a proper chain of custody was established (*see Matter of Knight v Selsky*, 297 AD2d 845, 846 [2002]; *Matter of Smart v Goord*, 266 AD2d 606, 607 [1999]) and multiple tests were not required to confirm the initial positive NIK test result (*see Matter of Cliff v Kingsley*, 293 AD2d 954, 954 [2002]; *Matter of Darnell v Kuhlmann*, 145 AD2d 852, 853 [1988]). Further, in light of petitioner's three prior drug-related disciplinary violations, the penalty for the instant violation, namely, nine months in the special housing

unit, one year loss of good time and one year loss of privileges, was not "so harsh as to shock one's sense of fairness" (*Matter of Britt v New York State Dept. of Corrections*, 283 AD2d 751, 751 [2001]; *see Matter of Kelley v Goord*, 274 AD2d 705 [2000], *lv denied* 95 NY2d 768 [2000]). Petitioner's remaining contentions, including his allegations of hearing officer bias, have been considered and found to be unavailing.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.