■ In the Matter of VINCENT GONZALEZ, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [759 NYS2d 707] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a routine search of his cell, petitioner was charged with violating the prison disciplinary rules prohibiting the possession of contraband. Petitioner subsequently pleaded guilty to this charge, and a penalty was imposed. This same search also uncovered instructions for operating a watch capable of receiving text messages and, after this watch was confiscated from petitioner, he was charged in a separate misbehavior report with violating various prison disciplinary rules relating to his acquisition and possession of this item. Following a hearing, petitioner was found guilty, and a penalty was imposed. Upon administrative appeal, the contraband determination was affirmed by decision dated April 4, 2002, and the remaining determination was modified by decision dated March 21, 2002, which dismissed two of the charges and reduced the penalty previously imposed. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to challenge both determinations.

With regard to the April 4, 2002 determination affirming the finding of guilt as to the initial contraband charge, we need note only that petitioner's plea of guilty bars any subsequent challenge to the sufficiency of the evidence underlying that determination (*see Matter of Goncalves v Goord,* 289 AD2d 739 [2001]) and, in our view, the penalty imposed for this violation was not "so harsh as to shock's one's sense of fairness" (*Matter of Britt v New York State Dept. of Corrections,* 283 AD2d 751, 751 [2001]). As to petitioner's challenge to the March 21, 2002 determination, the record reveals that although petitioner received notice of this determination on March 26, 2002, he did not commence this proceeding until July 31, 2002. Hence, petitioner's challenge to this determination is time-barred (*see* CPLR 217 [1]; *Matter of Verges v Saboourin,* 298 AD2d 802 [2002], *lv denied* 99 NY2d 646 [2003]).

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.