■ In the Matter of TONY BENNETT, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [759 NYS2d 913] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Cor-

rectional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with violating the prison disciplinary rules prohibiting forgery, possession of contraband, creating a fire hazard and altering an electrical device after a search of his cell uncovered a forged misbehavior report and other unauthorized items. At a tier III disciplinary hearing, petitioner pleaded guilty to the charge of altering an electrical device. As to the forgery charge, he testified that the allegedly forged misbehavior report was actually a previously issued defective report that misidentified the charges against him and he had written to correction officials to have those charges dismissed. However, the author of the earlier misbehavior report testified that the alleged forgery was not in his handwriting and did not correspond to the report he had prepared. Petitioner was found guilty of the remaining charges and received a penalty of six months in a special housing unit, six months' loss of privileges and six months' loss of good time. Upon administrative review, the charge of creating a fire hazard was dismissed, but the penalty was not disturbed.

Upon review of this record, we find that the hearing testimony and the instant misbehavior report, as well as the reasonable inferences drawn therefrom, provide substantial evidence supporting the finding that petitioner possessed contraband and forged a misbehavior report in a scheme to have that earlier report annulled (*see Matter of Tyler v Goord,* 278 AD2d 719, 719 [2000]; *Matter of Cliff v De Celle,* 260 AD2d 812, 813 [1999], *lv denied* 93 NY2d 814 [1999]). In view of the seriousness of the forgery offense alone, we cannot say that the penalty imposed is "so harsh as to shock one's sense of fairness" (*Matter of Britt v New York State Dept. of Corrections,* 283 AD2d 751, 751 [2001]; *see Matter of Kelley v Goord,* 274 AD2d 705 [2000], *lv denied* 95 NY2d 768 [2000]).

Petitioner's remaining contentions, including his allegations of hearing officer bias, have been considered and found to be unavailing.

Mercure, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.