Matter of Sylvester v Annucci (2020 NY Slip Op 05109)





Matter of Sylvester v Annucci


2020 NY Slip Op 05109


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530201

[*1]In the Matter of Joachim S. Sylvester, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 4, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Joachim S. Sylvester, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following a search of petitioner's cell, petitioner was charged in a misbehavior report with possessing a weapon, possessing an altered item and possessing excessive tobacco. A correction officer packed petitioner's belongings into six draft bags, which were labeled and secured with blue zip strips and secured in the C-block orientation property room. The following day, the correction officer continued a more thorough frisk of petitioner's property and uncovered 13 open top tobacco pouches that were damp. After weighing the tobacco, the correction officer tested it, which resulted in a positive for synthetic tobacco. A further search of petitioner's property also resulted in the correction officer confiscating vials of Muslim oils, some of which ultimately tested positive for a synthetic liquid. As a result, petitioner was charged in a second misbehavior report with possessing drugs. Following a combined tier III hearing on both misbehavior reports, petitioner was found guilty of all charges, and that determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
Initially, with respect to the charges of possessing a weapon and possessing an altered item, the Attorney General concedes, and we agree, that the findings of guilt as to those charges should be annulled and all references thereto expunged from petitioner's institutional record on the ground that petitioner was not present during all of the search of the cell before the weapon was discovered. Because the record does not reflect that the original penalty contained a recommended loss of good time, and given that petitioner has served the full penalty imposed, remittal for a redetermination of the penalty is not necessary (see Matter of Burroughs v Annucci, 164 AD3d 1558, 1559 [2018]).
Turning to the charge of possessing excessive tobacco, the relevant directive provided that, unless further limited by the Superintendent at the correctional facility, an inmate cannot possess in his or her personal property more than 30 packs of cigarettes (see Dept of Corr & Community Supervision former Directive No. 4913 [Sept. 2016]). Inasmuch as there is no dispute that 49 packs of cigarettes were confiscated from petitioner's cell, substantial evidence supports the determination of guilt on this charge (see Matter of Bottom v Annucci, 26 NY3d 983, 985-986 [2015]; Matter of Harrison v Carpenter, 201 AD2d 848, 849 [1994]). Contrary to petitioner's contention, by the clear language of the directive, its application as to the amount of personal property an inmate is permitted to possess is not limited to personal property transfers.
Next, we find that substantial evidence — in the form of the misbehavior report, the positive test results of the NARK II test on the tobacco and vials of oil and the hearing testimony — supports the determination of guilt as to the charge of possessing drugs. To the extent that petitioner challenges the correction officer's statement that she inspected petitioner's property and confiscated the tobacco bags and vials of oil as part of an on-going investigation, this created a credibility issue for the Hearing Officer to resolve (see Matter of Lunney v Goord, 24 AD3d 1135, 1136 [2005], lv denied 6 NY3d 714 [2006]). Furthermore, contrary to petitioner's contention, there is no requirement that the positive results of the NARK II test, which the correction officer testified were conducted in accordance with manufacturer's procedures, be confirmed by additional testing (see Matter of Fields v Prack, 120 AD3d 1510, 1511 [2014]; Matter of Grochulski v Selsky, 305 AD2d 823, 823 [2003]; Matter of Darnell v Kuhlmann, 145 AD2d 852, 853 [1988]). Petitioner's remaining contentions, to the extent that they are preserved for our review, are without merit.
Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing a weapon and possessing an altered item; petition granted to that extent and respondent is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.