■ In the Matter of FRANCISCO GARCIA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [764 NYS2d 217] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from possessing narcotics or controlled substances after a quantity of heroin was found secreted

in his cell. In this CPLR article 78 proceeding, he raises several procedural challenges to the determination of his guilt.*

Initially, petitioner's contention that the hearing was not timely held is without merit. The extensions were properly granted in accordance with 7 NYCRR 251-5.1 (b). It is, in any event, well settled that the time limitations applicable to disciplinary hearings are directory, not mandatory, and given the absence of a showing that substantial prejudice resulted, a delay will not require annulment (*see Matter of Rudolph v Goord*, 284 AD2d 640, 641 [2001], *appeal dismissed* 96 NY2d 936 [2001]).

We are also unpersuaded by petitioner's contention that he was improperly denied a Spanish interpreter. The hearing transcript clearly indicates that petitioner was sufficiently fluent in English to understand and participate in the proceedings (*see* 7 NYCRR 253.2; *see also Matter of Martinez v Selsky*, 274 AD2d 726, 727 [2000]), as confirmed by his English as a Second Language proficiency score of 5, the level at which an interpreter is generally deemed unnecessary (*see Matter of Encarnacion v Goord*, 286 AD2d 828, 829-830 [2001], *appeal dismissed, lv denied* 97 NY2d 653 [2001], *lv denied* 97 NY2d 606 [2001]).

Petitioner is incorrect in his assertion that the Hearing Officer erred by failing to assess the credibility of the confidential informant whose information prompted the search of petitioner's cell. An assessment is unnecessary in cases such as this where the determination of guilt is based on evidence that is independent of the confidential information triggering the initial investigation (*see Matter of Coppins v Cerio*, 307 AD2d 486 [2003]).

The remaining contentions raised herein, including those of ineffective representation by petitioner's employee assistant and hearing officer bias, have been examined and found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although this proceeding was properly transferred to this Court based upon petitioner's challenge to respondent's determination on the ground that it was not supported by substantial evidence, his appellate brief makes no mention of this issue, which will, accordingly, be deemed abandoned (*see Matter of McGowan v Goord*, 282 AD2d 848, 849 n [2001]).