■ In the Matter of DIOGENES FILPO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [828 NYS2d 732]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

As the result of a random pat-frisk, a substance suspected to be narcotics was found on petitioner's person. Petitioner ultimately was charged with violating a prison disciplinary rule that prohibits the possession of drugs. A tier III disciplinary hearing was held, after which petitioner was found guilty and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to overturn the determination.

We confirm. Petitioner contends that he was not randomly pat-frisked and, instead, was searched because of a "tip" from a confidential informant. However, it was not necessary for the Hearing Officer to determine the credibility of the informant; the finding of guilt was based upon evidence independent of any confidential information that may have triggered the initial investigation (see Matter of Garcia v Goord, 308 AD2d 609, 610 [2003]).

Petitioner also contends that not all of the documentation necessary concerning the testing that was done on the suspected controlled substance was provided at the hearing or given to him (see 7 NYCRR 1010.5). However, the record reveals that, by failing to raise this issue at the hearing, it was not properly preserved for our review (see Matter of Campanale v Coughlin, 214 AD2d 902, 903-904 [1995]). In any event, the misbehavior report stated that petitioner admitted that the substance found on his person was heroin. Petitioner's remaining arguments have been considered and rejected for lack of merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.