■ In the Matter of STEVEN J. BOGGS, Petitioner, v DANIEL MARTUSCELLO, as Acting Superintendent, et al., Respondents. [923 NYS2d 369]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a routine inspection, correction officers intercepted and opened a package sent to petitioner by a female visitor. The package contained a book that appeared to have been tampered with and, upon further inspection, a quantity of marihuana was discovered concealed in the binding. Following further investigation, petitioner was charged in a misbehavior report with conspiring to introduce contraband into the facility, soliciting others to smuggle contraband into the facility and violating facility package procedures. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who authored it, the documentary evidence and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Houston v Fischer*, 69 AD3d 1086, 1086 [2010]; *Matter of Adorno v Goord*, 35 AD3d 930, 931 [2006]). Petitioner's assertion that a proper foundation for the drug test results was not established in accordance with 7 NYCRR 1010.5 is not preserved for our review due to his failure to raise it either at the hearing or on his administrative appeal (*see Matter of White v Superintendent of Wyoming Correctional Facility*, 69 AD3d 1180, 1181 [2010]; *see also Matter of Gargano v Goord*, 278 AD2d 716, 717 [2000], *lv denied* 96 NY2d 716 [2001]). Furthermore, we find no merit to his claim that he was not given proper notice of the misbehavior report inasmuch as the correction officer who served it upon him testified that he did so prior to the hearing and the Hearing Officer provided petitioner with another copy and adjourned the hearing to afford him the opportunity to review it. In view of the foregoing, we find no reason to disturb the determination finding petitioner guilty of the charges at issue.

Mercure, J.P., Rose, Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.