■ In the Matter of VINCENT SHORTER, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [953 NYS2d 414]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's "hot" locker, a correction officer found a cigarette that had been altered, which was located inside a glove in the pocket of a jacket. The officer broke open the cigarette and found that the tobacco appeared to have been mixed with another brown leafy substance. The mixture was tested and the presence of amphetamines was detected. As a result, petitioner was charged in a misbehavior report with smuggling and possessing a controlled substance. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing. A penalty of 60 days in the special housing unit and loss of certain privileges was imposed, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the positive test results and related documentation, and the testimony of the correction officer who conducted the search provide substantial evidence supporting the determination of guilt (*see Matter of Davis v Prack*, 58 AD3d 977, 977 [2009]; *Matter of Cooper v Selsky*, 43 AD3d 1254, 1255 [2007], *lv dismissed* 9 NY3d 1026 [2008]). While petitioner denied the charges and maintained that the substance was planted in his locker, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Shepherd v Fischer*, 63 AD3d 1473, 1473 [2009]; *Matter of Yancey v Conway*, 46 AD3d 1042 [2007]). Petitioner's claims that the drug testing procedures set forth in 7 NYCRR 1010.5 were not followed and that a proper foundation was not laid for the positive drug test results have not been preserved for our review due to his failure to raise them either at the hearing or in his administrative appeal (*see Matter of Boggs v Martuscello*, 84 AD3d 1667, 1668 [2011]; *Matter of Lamb v Goord*, 27 AD3d 807, 808 [2006]).

Peters, P.J., Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.