■ In the Matter of Tarik Sylvester, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [968 NYS2d 745]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After petitioner's urine twice tested positive for THC, a correction officer found a white powdery substance wrapped in paper at the bottom of petitioner's locker in his cell, which subsequently tested positive for cocaine. As a result, petitioner was charged in two misbehavior reports with using and possessing a controlled substance, respectively. Following a tier III disciplinary hearing, petitioner was found guilty of each charge. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree, that petitioner was not provided with the necessary documentation relevant to the charge of using a controlled substance (*see* 7 NYCRR 1020.4 [f] [2] [iii]) and, therefore, that charge must be annulled (*see Matter of Sabino v Prack*, 101 AD3d 1202, 1203 [2012]; *Matter of Williams v Goord*, 301 AD2d 983, 984 [2003]). As petitioner has already served his penalty and no loss of good time was imposed, we need not remit the matter for a redetermination of the penalty on the remaining violation (*see Matter of Nieves v Venettozzi*, 102 AD3d 1027, 1027 [2013], *lv denied* 21 NY3d 852 [2013]).

As to the possession charge, however, we confirm. The misbehavior report and positive test result for cocaine provide substantial evidence to support the determination of guilt (*see Matter of Shorter v Prack*, 100 AD3d 1178 [2012]). Petitioner's contention that he was denied certain documentary evidence relating to the testing of the substance found in his locker is unpreserved for our review in light of his failure to raise an objection on that ground either at the hearing or on administrative appeal (*see Matter of Torres v Fischer*, 106 AD3d 1342 [2013]; *Matter of Shorter v Prack*, 100 AD3d at 1178; *Matter of Boggs v Martuscello*, 84 AD3d 1667, 1668 [2011]; *Matter of Filpo v Goord*, 37 AD3d 891 [2007]). Further, we are unpersuaded by petitioner's claims of hearing officer bias and that a gap in the hearing tape prevented meaningful review (*see Matter of Possert v Fischer*, 106 AD3d 1350 [2013]).

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of using a controlled substance; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institution record; and, as so modified, affirmed.