Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
While making rounds, a correction officer observed a rolled-up piece of paper attached to a drag line being pulled into petitioner’s cell. Although petitioner initially refused an order to release it, the officer was able to take possession of the rolled-up paper, which contained a note, two stamps and a green leafy substance that tested positive for marihuana. Petitioner was charged in a misbehavior report with an unauthorized exchange, possession of marihuana and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty as charged. This determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.
*1005 We confirm. The misbehavior report, the positive NIK test results and related documentation, and the hearing testimony constitute substantial evidence supporting the finding of guilt (see Matter of Shorter v Prack, 100 AD3d 1178, 1179 [2012]; Matter of Hughes v Bezio, 84 AD3d 1598, 1598 [2011]). Despite petitioner’s contention that the request for test form was not properly completed, our review indicates that the information included on the form, together with the hearing testimony, satisfied the regulatory requirements (see 7 NYCRR 1010.4 [b]) and established an unbroken chain of custody of the contraband (see Matter of Fragosa v Moore, 93 AD3d 979, 980 [2012]; Matter of Quinones v Fischer, 67 AD3d 1285, 1286 [2009]; Matter of Oms v Goord, 36 AD3d 1105, 1106 [2007], lv denied 8 NY3d 811 [2007]). Further, a second test was not required to confirm the initial positive NIK test result (see Matter of McKoy v Bezio, 67 AD3d 1232, 1232 [2009]; Matter of Grochulski v Selsky, 305 AD2d 823, 823 [2003]). Finally, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Lamage v Fischer, 100 AD3d 1176, 1177 [2012]). Petitioner’s remaining claims have been examined and found to be merit-less.
Peters, P.J., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.