Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
After a special investigator questioned a visitor who had come to the prison to visit petitioner, a prison inmate, the visitor surrendered a red balloon which contained a tan substance that later tested positive for heroin. As a result, petitioner was charged in a misbehavior report with drug possession, smuggling and violation of facility visiting procedures. Following a tier III disciplinary hearing, he was found guilty of all charges. That determination was affirmed administratively, prompting this CPLR article 78 proceeding.
We confirm. Initially, we note that petitioner has abandoned his challenge to the finding of guilt with respect to smuggling and violating facility visiting procedures inasmuch as his brief is limited to challenging the drug possession charge (see Matter of Torres v Fischer, 101 AD3d 1281, 1281 [2012]; Matter of Barnes v Prack, 92 AD3d 990, 990 [2012]). With respect to that charge, the misbehavior report, testimony and reports of the investigator and the positive drug test provide substantial evidence to support the determination of guilt (see Matter of Smith *1000 v Unger, 100 AD3d 1171 [2012]; Matter of Shorter v Prack, 100 AD3d 1178, 1179 [2012]). Further, a second test was not required to confirm the positive NIK test result (see Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]; 7 NYCRR 1010.4 [e]; 1010.8 [c]), which was supported by the visitor’s admission that he was smuggling heroin (see Matter of Darnell v Kuhlmann, 145 AD2d 852, 853 [1988]; see also Matter of McKoy v Bezio, 67 AD3d 1232 [2009]). Petitioner’s remaining arguments have been examined and found to be unpreserved or without merit.
Peters, PJ., Stein, McCarthy and Spain, JJ, concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.