## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 25, 2014          517921
_____

In the Matter of THOMAS FIELDS,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
     Special Housing and Inmate
     Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Stein, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

Thomas Fields, Stormville, petitioner pro se.

Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner became unresponsive in his cell and, when officials responded, was found to be holding packages containing an unknown substance.  The substance tested positive for heroin.  Petitioner was accordingly charged in a misbehavior report with possessing a controlled substance, being under the influence of an intoxicant and smuggling.  At the tier III disciplinary hearing, petitioner pleaded guilty to possessing a controlled substance, but argued that the testing procedures employed were inadequate to identify the substance as heroin, and pleaded not

guilty to the remaining charges.  Petitioner was found guilty of all charges and the determination was affirmed in relevant part upon administrative appeal.  This CPLR article 78 proceeding ensued.

Respondent concedes that substantial evidence in the record does not support the determination of guilt as to the charges of being under the influence of an intoxicant and smuggling.  We accordingly annul that part of the determination, although remittal is not required given that petitioner has already served the penalty imposed and no loss of good time was involved (see Matter of Brown v New York State Dept. of Corrections & Community Supervision, 119 AD3d 1205, 1206 [2014]; Matter of Flournoy v Bezio, 84 AD3d 1636, 1637 [2011]).  In light of the foregoing, we need not address petitioner's challenge to the adequacy of the misbehavior report with regard to those charges.

Petitioner is precluded from challenging the sufficiency of the evidence supporting the determination with regard to the drug possession charge because he pleaded guilty to that charge (see Matter of Tingling v Fischer, 108 AD3d 989, 990 [2013]; Matter of Ayrhart v Fischer, 94 AD3d 1310, 1311 [2012]).  In any case, the misbehavior report, positive NIK test result for heroin and hearing testimony support the determation of guilt, and we decline petitioner's invitation to revisit the well-settled proposition that a second test to confirm the positive test result was not required (see Matter of Staine v Fischer, 111 AD3d 999, 1000 [2013]; Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]).

Stein, J.P., Egan Jr., Lynch, Devine and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of being under the influence of an intoxicant and smuggling; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to those charges from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court