# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: September 17, 2015        520125
_____

In the Matter of LEIN
   FIGUEROA,
              Petitioner,

     v                       MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
   Special Housing and Inmate
   Disciplinary Programs,
              Respondent.
_____

Calendar Date: August 10, 2015

Before: Peters, P.J., McCarthy, Rose and Clark, JJ.

_____

     Lein Figueroa, Comstock, petitioner pro se.

     Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

     Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

     Following a search of his cell, petitioner was charged in a misbehavior report with possession of a controlled substance and unauthorized organization. Following a tier III disciplinary hearing, he was found guilty of the charges and, on administrative appeal, that determination was affirmed with a reduction in the penalty. Petitioner thereafter commenced this CPLR article 78 proceeding.

The misbehavior report, testimony of its author and the testing officer, positive drug test results and other related documentary evidence provided substantial evidence to support the determination of guilt (see Matter of Campbell v Prack, 118 AD3d 1202, 1202-1203 [2014]).  However, as the Attorney General concedes, the determination must be annulled because petitioner was denied his right to call a witness (see 7 NYCRR 254.5 [a]; Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986]).  After petitioner requested that his cellmate at the time of the cell search be called to testify, the Hearing Officer sent two correction officers to retrieve him; the officers returned and merely reported that the prospective witness had refused to testify because "he didn't want to come out."  One of the officers signed a witness refusal to testify form that provided no reason for the refusal and indicated that the prospective witness had refused to sign the form.  As the Hearing Officer made no attempt to verify the witness's refusal or ascertain his reasons for refusing to testify, despite petitioner's repeated requests, petitioner's right to call witnesses was violated (see Matter of Barnes v LeFevre, 69 NY2d at 650; Matter of Saez v Fischer, 113 AD3d 961, 961 [2014]; Matter of Sorrentino v Fischer, 106 AD3d 1309, 1310 [2013], lv granted 22 NY3d 853 [2013], appeal dismissed 22 NY3d 1060 [2014]; Matter of Dickerson v Fischer, 105 AD3d 1232, 1232 [2013]).  Since the Hearing Officer made some effort, although inadequate, to obtain the witness and did not deny the request outright for no reason, petitioner's regulatory right was violated and not his constitutional right, and remittal for a new hearing is the appropriate remedy (see Matter Texeira v Fischer, 115 AD3d 1137, 1138 [2014], lv granted 23 NY3d 908 [2014]).

Peters, P.J., McCarthy, Rose and Clark, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court