*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 23, 2016                521927

_____

In the Matter of SAEED KAID,
                    Petitioner,

        v

ALBERT PRACK, as Director of            MEMORANDUM AND JUDGMENT
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.

_____

Calendar Date:   May 3, 2016

Before:   Peters, P.J., Garry, Egan Jr., Devine and Aarons, JJ.

_____

        Saeed Kaid, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        During a search of petitioner's cell, a correction officer found, among other things, two sublingual strips that were believed to be suboxone and a green leafy substance that later tested positive for ketamine.  As a result, petitioner was charged in a misbehavior report with drug possession.  Following a tier III disciplinary hearing, he was found guilty of the charge and the determination was subsequently affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

With respect to the substance that tested positive for ketamine, the misbehavior report, positive test results and related documentation, together with the testimony of the correction officers who recovered and tested the substance, provide substantial evidence supporting the determination finding petitioner guilty of drug possession (see Matter of Figueroa v Prack, 131 AD3d 1311, 1311 [2015]; Matter of Hughes v Bezio, 84 AD3d 1598, 1598 [2011]).  To the extent that the drug possession charge was also based on the recovery of suboxone strips from petitioner's cell, the evidence in the record does not support the finding of petitioner's guilt with respect thereto. Nevertheless, inasmuch as the drug possession determination is otherwise supported by substantial evidence demonstrating that petitioner possessed ketamine, we find no reason to disturb it. We have considered petitioner's remaining contentions and find that they are lacking in merit.

Peters, P.J., Garry, Egan Jr., Devine and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court