*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 15, 2016                522115
_____

In the Matter of MARK K.
    McDERMOTT,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Egan Jr., Rose, Devine and Mulvey, JJ.

                        _____

        Mark K. McDermott, Utica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                        _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        During the course of a pat frisk, a correction officer found two "pin joints" and a folded piece of white paper containing a green leafy substance inside the right front pocket of petitioner's pants.  Petitioner provided a written statement admitting that the items recovered contained K2, also known as synthetic marihuana.  They were tested and returned positive results for the presence of amphetamines.  Consequently, petitioner was charged in a misbehavior report with possessing contraband and possessing a controlled substance.  He was found

guilty of the charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal with a modified penalty.  This CPLR article 78 proceeding ensued.

We confirm.  The detailed misbehavior report, related documentation and testimony of the correction officer who tested the items recovered, as well as that of the correction sergeant who obtained petitioner's written statement, provide substantial evidence supporting the determination of guilt (see Matter of Reese v Fischer, 120 AD3d 1496, 1497 [2014]; Matter of Curry v Fischer, 113 AD3d 981, 982 [2014]).  Contrary to petitioner's claim, there is no indication that the correction officer who tested the items failed to comply with applicable regulations or the manufacturer's instructions for conducting the tests (see e.g. Matter of Darnell v Kuhlmann, 145 AD2d 852, 853 [1988]). Moreover, although petitioner maintained that his written statement was coerced, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Weekes v Prack, 129 AD3d 1430, 1431 [2015]; Matter of Gren v Annucci, 119 AD3d 1307, 1308 [2014]).  Furthermore, it was not necessary for the testing officer, who had no involvement in the pat frisk or discovery of the items recovered and lacked personal knowledge thereof, to endorse the misbehavior report (see Matter of Sorrentino v Fischer, 101 AD3d 1210, 1211 [2012], lv denied 20 NY3d 862 [2013]; Matter of Jones v Fischer, 94 AD3d 1298, 1298 [2012]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

Peters, P.J., Egan Jr., Rose, Devine and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court