*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 26, 2017                    522834
_____

In the Matter of JUNIOR
   COLLINS,
                        Petitioner,

        v                                            MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                        Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., Garry, Egan Jr., Mulvey and Aarons, JJ.

_____

        Junior Collins, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        While walking past petitioner's cell, a correction officer observed petitioner attempting to roll a marihuana cigarette, prompting petitioner to flush the suspected cigarette down the toilet located in his cell.  A subsequent cell frisk by that correction officer revealed a small quantity of a green leafy substance that later tested positive for marihuana, and petitioner was charged in a misbehavior report with, as relevant here, drug possession.  Following a tier III disciplinary hearing, petitioner was found guilty of that charge, and that

determination was upheld upon administrative appeal.  Petitioner then commenced this CPLR article 78 proceeding.

We confirm.  The misbehavior report, positive NIK test results and related documentation, together with the hearing testimony, provide substantial evidence supporting the determination finding petitioner guilty of drug possession (see Matter of Kaid v Prack, 140 AD3d 1511, 1511 [2016]; Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]).  The hearing testimony of the correction officer who recovered and tested the contraband, as well as the testimony of the representative from the manufacturer of the drug test, reflect that the results indicated a positive test for marihuana and not a false positive.  Contrary to petitioner's contention, a second test to confirm the positive test result was not required (see Matter of Fields v Prack, 120 AD3d 1510, 1511 [2014]; Matter of Fero v Prack, 108 AD3d at 1005).

Turning to petitioner's procedural arguments, we reject his contention that production of the contraband was required at the hearing where, as here, the author of the misbehavior report described the green, leafy substance that he confiscated from the inmate's cell and where the record contains photographs of the contraband in addition to the positive test results confirming that the substance was marihuana (see Matter of Neri v Coughlin, 140 AD2d 764, 765 [1988]; Matter of Jones v Coughlin, 125 AD2d 883, 883 [1986]; cf. Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility, 304 AD2d 879, 879 [2003]).  Finally, upon reviewing the record, we find no indication that the Hearing Officer exhibited bias or that the determination flowed from any alleged bias (see Matter of Bekka v Annucci, 137 AD3d 1446, 1447 [2016]).  We have considered petitioner's remaining contentions and find that they are lacking in merit.

Peters, P.J., Garry, Egan Jr., Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court