*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 2, 2017                    522972
_____

In the Matter of KODE SEALY,
                    Petitioner,

        v

                                        MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                    Respondents.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

                    _____

        Kode Sealy, Napanoch, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura Etlinger of counsel), for respondents.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with possessing contraband after a small, black ball of a hardened substance found inside the tip of one of his hand-rolled cigarettes tested positive for the presence of amphetamines and was determined to be synthetic marihuana.  Following a tier III disciplinary hearing, petitioner was found guilty of the charge and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

    Initially, we are unpersuaded by petitioner's contention that meaningful review is precluded by the gaps in the hearing transcript (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]).  Turning to the merits, we find that the misbehavior report, positive narcotics identification kit results and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Kaid v Prack, 140 AD3d 1511, 1511 [2016]; Matter of Miller v Annucci, 131 AD3d 1304, 1305 [2015]).  Contrary to petitioner's contention, the testimony from the correction officer who performed the drug test and the documentation of that testing establish that the rules and regulations of proper drug testing were followed (see Matter of McDermott v Annucci, 142 AD3d 1210, 1210 [2016]; Matter of Toomer v Goord, 290 AD2d 860, 860 [2002]).  We have reviewed petitioner's remaining contentions, including that the drug testing results were unreliable, and find them to be without merit.

    Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur.


    ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




                    ENTER:



                    Robert D. Mayberger
                    Clerk of the Court