■ In the Matter of JOSEPH TRUMAN, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [64 NYS3d 614]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Following a suspicious pat frisk, a correction sergeant asked petitioner if he was carrying contraband and petitioner allegedly responded that he had a ball of synthetic marihuana with a string attached concealed in his rectum. During the ensuing strip frisk of petitioner, a cellophane ball containing two bundles of a green leafy substance was recovered and a correction officer tested the substance for drugs. The substance tested negative for marihuana, but positive for amphetamines. As a result, petitioner was charged in a misbehavior report with possessing contraband, possessing a controlled substance, possessing an intoxicant and smuggling. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later upheld on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that substantial evidence does not support that part of the determination find-

ing petitioner guilty of possessing an intoxicant. In addition, given the lack of testimony from correction officials indicating that appropriate testing procedures were followed as was needed to lay a foundation for admission of the test results, we find that that part of the determination finding him guilty of possessing a controlled substance is not supported by substantial evidence (*see Matter of Gonzalez v Selsky*, 23 AD3d 724, 725 [2005]; *Matter of Hernandez v Selsky*, 306 AD2d 595, 596 [2003], *lv denied* 100 NY2d 514 [2003]; *compare Matter of Wendell v Annucci*, 149 AD3d 1430, 1430-1431 [2017]; *Matter of McDermott v Annucci*, 142 AD3d 1210, 1210 [2016]). In view of this deficiency, and given the absence of any testimony from correctional officials specifically identifying the substance as synthetic marihuana or attesting to petitioner's alleged admission, we further conclude that substantial evidence does not support that part of the determination finding petitioner guilty of possessing contraband (*see Matter of McCaskell v Rodriguez*, 148 AD3d 1407, 1408 [2017]; *compare Matter of King v Venettozzi*, 152 AD3d 1115, 1116-1117 [2017]; *Matter of Sealy v New York State Dept. of Corr. & Community Supervision*, 147 AD3d 1127 [2017], *lv denied* 29 NY3d 912 [2017]; *Matter of McDermott v Annucci*, 142 AD3d at 1210; *Matter of Oliver v Fischer*, 107 AD3d 1268, 1269-1269 [2013]). Petitioner, however, has abandoned his challenge to the finding of guilt with respect to the smuggling charge by not addressing it in his brief (*see Matter of King v Venettozzi*, 152 AD3d at 1116), and we decline to disturb this aspect of the determination. Although we annul that part of the determination finding petitioner guilty of possessing an intoxicant, possessing a controlled substance and possessing contraband, we need not remit the matter for a reassessment of the penalty on the remaining charge given that petitioner has already served the penalty and no loss of good time was imposed (*see Matter of Edwards v Annucci*, 131 AD3d 770, 771 [2015]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

Peters, P.J., Garry, Lynch, Mulvey and Rumsey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an intoxicant, possessing a controlled substance and possessing contraband; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.