Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 A frisk of petitioner’s prison cell revealed 85 feed-up gloves, a pencil wrapped in electrical tape, a large piece of electrical tape, seven garbage bags, a radio with altered wiring, a clear plastic bottle containing a liquid purportedly identified as alcohol and three small envelopes containing an unidentified white powder. As a result, petitioner was charged in a misbehavior report with possessing an altered item, possessing alcohol or an intoxicant and possessing contraband. The white powder found in petitioner’s cell subsequently tested positive for cocaine base (crack), and petitioner was charged in a second misbehavior report with possessing drugs. Following a combined tier III disciplinary hearing, petitioner was found not guilty of possessing alcohol or an intoxicant and guilty of the remaining charges. Upon administrative review, that determination was upheld. This CPLR article 78 proceeding ensued.
 

 We confirm. Initially, inasmuch as petitioner has limited his brief by challenging only the charge of possessing drugs, he has abandoned any challenge to the sufficiency of the evidence supporting the determination of guilt with respect to possessing an altered item and possessing contraband (see Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1471-1472 [2017]; Matter of Staine v Fischer, 111 AD3d 999, 999 [2013]). With respect to the charge of possessing drugs, the misbehavior report, positive NIK test results and related documentation, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Collins v Annucci, 146 AD3d 1261, 1261 [2017]; Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]).
 

 Contrary to petitioner’s claim, there was an adequate foundation laid for the admission of the positive test results as the testimony of the testing officer and information provided in the request for test of controlled substance form established that an unbroken chain of custody was maintained in which the only person who handled the substance signed the form (see 7 NYCRR 1010.4 [b]; Matter of Miller v Annucci, 131 AD3d 1304, 1305 [2015]; Matter of Fero v Prack, 108 AD3d at 1005). We also reject petitioner’s contention that annulment is required because he was denied the opportunity to observe the search of his cell. The record establishes that, although he was present when the search began, he left during the search and by the time he returned the contraband had already been discovered, with nothing further having been discovered after he was excluded from observing his cell (compare Matter of Kirby v Annucci, 147 AD3d 1134, 1135 [2017], with Matter of Morales v Fischer, 89 AD3d 1346, 1346-1347 [2011]). With regard to petitioner’s claim that he was denied certain documents, those documents pertain to a urinalysis test and are therefore irrelevant to the question of his guilt with regard to the possession—as opposed to use—of drugs (see Matter of Williams v Annucci, 120 AD3d 1479, 1480 [2014], lv denied 24 NY3d 911 [2014]). Petitioner’s remaining claims have been examined and found to be either unpreserved or without merit.
 

 McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.