Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged with possessing contraband, possessing a controlled substance and possessing an intoxicant after a search of his locker revealed a green leafy substance, located in a parmesan cheese container, that tested positive for amphetamines and was identified by a correction officer as synthetic marihuana. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Upon petitioner’s administrative appeal, the charge of possessing an intoxicant was dismissed, but the determination was otherwise upheld. This CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, the positive NIK test results and related documentation constitute substantial evidence supporting the determination of guilt (see Matter of Mitchell v Department of Corr. & Community Supervision, 147 AD3d 1135, 1136 [2017]; Matter of Torres v Selsky, 8 AD3d 775, 776 [2004]). We disagree with petitioner’s contention that the dismissal of the intoxicant charge required the dismissal of the remaining charges. Rule 113.13 prohibits the possession of an intoxicant (see 7 NYCRR 270.2 [B] [14] [iii]), which includes synthetic marihuana (see Matter of Austin v Annucci, 145 AD3d 1263, 1264 [2016]; Matter of Rolands v Prack, 131 AD3d 1334, 1335 [2015]). Respondent Commissioner of Corrections and Community Supervision determined that there was insufficient information in the record to support a charge under rule 113.13, and that charge was dismissed. However, petitioner was also charged with violating rule 113.25, which specifically prohibits the possession of “any narcotic . . . [or] controlled substance” (7 NYCRR 270.2 [B] [14] [xv]). Thus, even though there was insufficient information in this record to find that petitioner possessed synthetic marihuana, the positive test result for amphetamines provided substantial evidence supporting the finding of guilt on the charges of possessing a controlled substance (see e.g. Matter of McDermott v Annucci, 142 AD3d 1210, 1210 [2016]; Matter of Shorter v Prack, 100 AD3d 1178, 1179 [2012]) and possessing contraband (see Matter of Sealy v New York State Dept. of Corr. & Community Supervision, 147 AD3d 1127, 1127 [2017], lv denied 29 NY3d 912 [2017]; compare Matter of McCaskell v Rodriguez, 148 AD3d 1407, 1408 [2017]). Although petitioner argued that the substance was actually oregano, this created a credibility issue for the Hearing Officer to resolve (see Matter of Shorter v Prack, 100 AD3d at 1179; Matter of Knight v Selsky, 297 AD2d 845, 846 [2002]).
 

 Petitioner’s further contention that a proper foundation for the positive drug test was not established in accordance with 7 NYCRR 1010.5 is not preserved for our review (see Matter of Torres v Fischer, 106 AD3d 1342, 1343 [2013]; Matter of Filpo v Goord, 37 AD3d 891, 892 [2007]). Petitioner’s remaining contentions, to the extent they are properly before us, have been considered and found to be without merit.
 

 McCarthy, J.P., Egan Jr., Clark, Aarons and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.