Matter of George v Annucci (2018 NY Slip Op 07398)





Matter of George v Annucci


2018 NY Slip Op 07398


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018


[*1]In the Matter of INFINITE GEORGE, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and

 Rumsey, JJ.

Infinite George, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was placed in the facility's infirmary after a correction officer observed petitioner acting and responding unusually, leading him to believe that petitioner was under the influence of an intoxicant. As a result of this incident, petitioner was charged in a misbehavior report with using an intoxicant. Later, while in the infirmary, petitioner broke a window in the observation room, threw shards of glass at staff, refused direct orders to place his hands in the door's hatch, threatened to kill staff while holding a piece of glass and threw fecal matter at them through the broken window. Force was eventually used to restrain petitioner, and he was subsequently charged in a second misbehavior report with making threats, damaging state property, violent conduct, creating a disturbance, refusing direct orders, possessing a weapon and committing unhygienic acts. At the ensuing combined tier III prison disciplinary hearing, petitioner pleaded not guilty to possessing a weapon and using an intoxicant and pleaded guilty to the remaining charges. At the conclusion of the hearing, the Hearing Officer found petitioner not guilty of possessing a weapon and guilty of using an intoxicant as well as the six remaining charges to which he pleaded guilty. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, with regard to that part of the determination finding petitioner guilty of using an intoxicant, respondent concedes, and we agree, that substantial evidence does not support the finding of guilt (see Matter of Truman v Venettozzi, 156 AD3d 974, 975 [2017]; Matter of McCaskell v Rodriguez, 148 AD3d 1407, 1408 [2017]). Inasmuch as petitioner pleaded guilty to [*2]the remaining charges, he is precluded from challenging the sufficiency of the evidence supporting them (see Matter of Reed v Annucci, 155 AD3d 1193, 1194 [2017]; Matter of Ashley v Annucci, 145 AD3d 1238, 1239 [2016], lv denied 29 NY3d 905 [2017]). Although we annul that part of the determination finding petitioner guilty of using an intoxicant, we need not remit the matter for a reassessment of the penalty on the remaining charges given that petitioner has already served the penalty and no loss of good time was imposed (see Matter of Love v Venettozzi, 161 AD3d 1333, 1334 [2018]; Matter of Truman v Venettozzi, 156 AD3d at 975). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.
McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of using an intoxicant; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.