Matter of Moise v Annucci (2019 NY Slip Op 00659)





Matter of Moise v Annucci


2019 NY Slip Op 00659


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

526884

[*1]In the Matter of EDDIE MOISE, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Clark, Devine, Aarons and Pritzker, JJ.


Eddie Moise, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After petitioner was ordered to undergo a strip frisk, a correction officer detected an unknown object in petitioner's mouth and issued multiple direct orders for petitioner to expel that object. Petitioner eventually complied, which led to the discovery of a green leafy substance wrapped in a latex glove finger. Subsequent drug testing identified the green leafy substance as synthetic marihuana. As a result, petitioner was charged in a misbehavior report with refusing a direct order, possessing a controlled substance, smuggling and violating frisk and search procedures. Following a tier III disciplinary hearing, petitioner was found not guilty of violating frisk and search procedures and guilty of refusing a direct order, possessing a controlled substance and smuggling. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive NARK II test results and related documentation (see generally 7 NYCRR 1010.8 [d]), together with the unusual incident report and hearing testimony from the correction officer who conducted the frisk and the officer who tested the substance, provide substantial evidence to support the determination of guilt (see Matter of Young v Rodriguez, 165 AD3d 1338, 1338 [2018]; Matter of Horton v Annucci, 163 AD3d 1385, 1385 [2018]; Matter of Collins v Annucci, 146 AD3d 1261, 1261 [2017]). Contrary to petitioner's contention, the information contained on the request for test of suspected contraband drugs form, which included the precise time when the substance was tested, and the testimony of the correction officer who collected and tested the sample established a proper chain of custody of the sample (see 7 NYCRR 1010.4 [a], [b]; Matter of Morales v Venettozzi, 163 AD3d 1375, 1376 [2018]; Matter of Rodriguez v Venettozzi, 156 AD3d 1029, 1030 [2017]).
Turning to petitioner's procedural contentions, his contention regarding the delay in conducting the hearing lacks merit, as the hearing was completed within the time frames set forth in the extensions that were necessary to, among other things, permit petitioner to receive his requested assistance and obtain testimony from requested witnesses (see Matter of Douglas v Annucci, 153 AD3d 1014, 1015 [2017]; Matter of Vidal v Annucci, 149 AD3d 1366, 1367 [2017], lv denied 30 NY3d 906 [2017]; Matter of Thousand v Prack, 139 AD3d 1212, 1213 [2016]). "In any event, the time requirements [contained in 7 NYCRR 251-5.1] are directory, not mandatory, and an inmate must demonstrate prejudice as a result of any delay prior to the commencement of such a hearing" (Matter of Ayuso v Venettozzi, 159 AD3d 1208, 1209-1210 [2018] [internal quotation marks and citations omitted]; see Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]). That said, petitioner has not demonstrated any prejudice as a result of the brief delay. We further find that the Hearing Officer did not err in denying petitioner's request to call certain inmate witnesses to testify, as the requested witnesses were not present during the incident, and their potential testimony was not shown to be relevant to the charges (see Matter of Bradshaw v Annucci, 163 AD3d 1380, 1381 [2018]; Matter of Cunningham v Annucci, 153 AD3d 1491, 1492 [2017]; Matter of Tafari v Fischer, 93 AD3d 1054, 1054-1055 [2012], lv dismissed 19 NY3d 1007 [2012]). Furthermore, neither the Hearing Officer's denial of the requested witnesses nor anything else in the record establishes that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Horton v Annucci, 163 AD3d 1385, 1386 [2018]). Petitioner's remaining contentions, including that he received inadequate employee assistance, have been examined and found to be without merit.
Garry, P.J., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.