Matter of Singh v Annucci (2019 NY Slip Op 00950)





Matter of Singh v Annucci


2019 NY Slip Op 00950


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

527255

[*1]In the Matter of VARINDER SINGH, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Varinder Singh, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After a suspicion-based search of petitioner's cube uncovered a portion of a white pill in a box underneath petitioner's desk, petitioner was charged in a misbehavior report with possessing drugs and contraband. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and a penalty was imposed. That determination was affirmed upon petitioner's administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. To the extent that petitioner's brief may be read as challenging the finding of guilt as to both the drug and contraband charges, we find that the detailed misbehavior report and positive test results provide substantial evidence to support the determination (see Matter of Guzman v Annucci, 156 AD3d 1069, 1069 [2017]; Matter of Williams v Fischer, 106 AD3d 1354, 1355 [2013]). Absent a request by petitioner, the Hearing Officer was not required to call as a witness the correction sergeant who both authored the misbehavior report and tested the seized substance (see Matter of Rivera v Annucci, 160 AD3d 1273, 1273 [2018]).
Petitioner's procedural claims are also unpersuasive. The disciplinary hearing was adjourned in order for petitioner to obtain certain additional documents that he had requested. When the hearing reconvened, the Hearing Officer asked petitioner if he had received all of the documents that he had requested or that were otherwise available to him, and petitioner responded in the affirmative. Accordingly, petitioner's present claim — the he was denied or received incomplete documentary evidence — is unpreserved for our review (see Matter of Rodriguez v Annucci, 136 AD3d 1083, 1084 [2016]; Matter of Monje v Geoghegan, 108 AD3d 957, 957-958 [2013]). We reach a similar conclusion regarding petitioner's chain of custody [*2]argument, as he raised no objection in this regard at the hearing (see Matter of Laliveres v Annucci, 156 AD3d 1106, 1106 [2017]). Finally, although petitioner did object to the timing of his urinalysis testing, as the Hearing Officer observed, petitioner was charged with possession offenses and, as such, the timing and/or results of any urinalysis testing were irrelevant to the charged violations (see Matter of Rodriguez v Venettozzi, 156 AD3d 1029, 1030 [2017]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.