Matter of Washington v Alderman (2019 NY Slip Op 06041)





Matter of Washington v Alderman


2019 NY Slip Op 06041


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

527958

[*1]In the Matter of DONALD WASHINGTON, Petitioner,
v
AMY ALDERMAN, as Education Supervisor at Wende Correctional Facility, et al., Respondents.

Calendar Date: June 21, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Donald Washington, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing drugs, possessing contraband and smuggling after a green leafy substance, which later tested positive for marihuana, was found in a bible that petitioner was carrying. Following a hearing, petitioner was found guilty of possessing drugs and contraband but not guilty of the remaining charge. That determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, respondents concede, and our review of the record confirms, that the finding of guilt with regard to possessing contraband is not supported by substantial evidence and, therefore, that portion of the determination must be annulled (see Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]). Because the penalty imposed has been completed and the record does not reflect that any loss of good time was recommended, we need not remit this matter for a redetermination of the penalty (see id. at 1235).
As to the remaining charge, we are unpersuaded by petitioner's contention that substantial evidence fails to support the determination of guilt due to the failure to follow proper chain of custody and drug testing procedures. Rather, the documentation establishes an unbroken and secure chain of custody of the substance, the validity of which was not rendered unreliable despite the fact that the notations on the chain of custody form were not personally written by [*2]each of the correction officers (see Matter of Joseph v Polizzi, 167 AD3d 1207, 1207 [2018], lv denied 33 NY3d 903 [2019]; Matter of Oms v Goord, 36 AD3d 1105, 1106 [2007], lv denied 8 NY3d 811 [2007]). To the extent that petitioner asserts that the correction officers identified on the chain of custody form should have testified, petitioner never requested them as witnesses, "and the Hearing Officer was under no obligation to present petitioner's case for him" (Matter of Bekka v Annucci, 168 AD3d 1334, 1335 [2019] [internal quotation marks and citation omitted]). Also without merit is petitioner's challenge to the reliability of the drug test, as additional tests are not required to confirm an initial positive test result (see 7 NYCRR 1010.8 [c], [d]; Matter of Duchnowski v Annucci, 168 AD3d 1302, 1302-1303 [2019]; Matter of Collins v Annucci, 146 AD3d 1261, 1262 [2017]). In view of the foregoing, we find that the misbehavior report, positive drug test results and related documentation provide substantial evidence to support the determination of guilt (see Matter of Duchnowski v Annucci, 168 AD3d at 1302; Matter of Guzman v Annucci, 156 AD3d 1069, 1069 [2017]).
Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.