Matter of Razor v Venettozzi (2021 NY Slip Op 06740)





Matter of Razor v Venettozzi


2021 NY Slip Op 06740


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

533643
[*1]In the Matter of Derek Razor, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:November 12, 2021

Before:Egan Jr., J.P., Lynch, Pritzker, Aarons and Colangelo, JJ.

Derek Razor, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
According to a misbehavior report, petitioner was observed smoking a cigarette in a prison bathroom that gave off an "unusual odor." When asked by a correction officer what was in the cigarette, petitioner allegedly responded that it was "weed." The cigarette was confiscated, and a green leafy substance was observed rolled inside. The substance tested positive for marihuana and petitioner was charged in the misbehavior report with possessing drugs and possessing contraband. Following a hearing, petitioner was found guilty as charged and that determination was initially affirmed on administrative appeal. Subsequently, however, the drug possession charge was dismissed due to the discovery of an inconsistency with the manufacturer's instructions for the drug testing kit used in testing the substance found in petitioner's cigarette, with no change in the penalty assessed. This CPLR article 78 proceeding ensued.
Substantial evidence does not support the determination of guilt and, therefore, we annul. "[T]he prohibition of contraband hinges on whether or not the item is authorized" (Matter of Love v Venettozzi, 161 AD3d 1333, 1333 [2018]; see 7 NYCRR 270.2 [B] [14] [xiii]). In light of the unreliable drug test and the absence of any hearing testimony identifying the substance at issue or attesting to petitioner's alleged admission, the substance was not adequately identified (see Matter of Truman v Venettozzi, 156 AD3d 974, 975 [2017]). Accordingly, "substantial evidence does not support the determination that the substance was unauthorized and, therefore, contraband" (Matter of McCaskell v Rodriguez, 148 AD3d 1407, 1408 [2017]; see Matter of Truman v Venettozzi, 156 AD3d at 975; cf. Matter of Jones v Venettozzi, 153 AD3d 1073, 1073 [2017]).
Egan Jr., J.P., Lynch, Pritzker, Aarons and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.