■ In the Matter of ZUBEARU BETTIS, Petitioner, v CHARLES DUFRAIN, as Superintendent of Franklin Correctional Facility, Respondent. [681 NYS2d 824] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review four determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was the subject of four misbehavior reports which led to the instant determinations finding him guilty of violating the prison disciplinary rules that prohibit being out of place, refusing to obey a direct order, violation of a movement regulation, interference with an employee, harassment, refusing to submit to a frisk and noncompliance with a hearing disposition. This CPLR article 78 review proceeding ensued, wherein petitioner contends that the four administrative determinations of his guilt are not based on substantial evidence. We disagree.

Included in the evidence presented at the disciplinary hearings were the misbehavior report and petitioner's own testimony. In each instance, petitioner's description of the incidents which gave rise to the charged disciplinary infractions coincided with the factual account set forth in the misbehavior report with the addition, in petitioner's testimony, of his reasons for behaving the way he did together with various mitigating circumstances which, in petitioner's opinion, should have absolved him from guilt. The misbehavior reports, authored by correction officers who were eyewitnesses to the charged misconduct, together with the admissions made by petitioner in the course of his hearing testimony, were sufficient to constitute the requisite substantial evidence in support of the determinations (*see, Matter of King v Carpenter,* 227 AD2d 711; *Matter of Ingram v Mann,* 219 AD2d 743). The testimony proffered by petitioner beyond his admissions of having committed the charged misbehavior raised issues of

credibility for resolution by the Hearing Officer (*see, Matter of Faison v Stinson*, 221 AD2d 746).

Petitioner's assertions that procedural errors or omissions at his disciplinary hearings deprived him of his right to due process of law were neither voiced at the hearings nor raised in the course of his administrative appeals. As a result, they have not been preserved for this Court's review (*see, Matter of Nelson v Selsky*, 239 AD2d 795; *Matter of Hubert v Coombe*, 233 AD2d 644).

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.