■ In the Matter of BENJAMIN STEPHENS, JR., Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs for New York State Department of Correctional Services, et al., Respondents. [688 NYS2d 725] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of refusing to comply with the prison disciplinary rules regarding frisk procedures and direct orders. The misbehavior report related that on the afternoon of March 14, 1997, during a strip frisk, petitioner was directed to open his mouth for inspection and despite several direct orders to open it fully, would only open it part way. Petitioner was then directed to pull his cheek out to one side and the correction officer viewed what appeared to be a safety pin. Upon being directed to remove the pin, petitioner shut his mouth and appeared to have swallowed the object.

Petitioner challenges the determination on the ground that it was not supported by substantial evidence. We disagree. Included in the evidence presented at petitioner's disciplinary hearing was the misbehavior report which describes with specificity the incident and the rules violated, as well as petitioner's own admissions as to the conduct relating to his refusal to comply with the rules. This evidence was sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119; *People ex rel. Vega v Smith*, 66 NY2d 130, 139-140; *Matter of Bettis v Dufrain*, 256 AD2d 872).

Petitioner's remaining contentions, including the lack of meaningful employee assistance, the deprivation of documentary evidence, the denial of the right to call witnesses, the bias of the Hearing Officer and the lack of adequate notice of the charges, have been examined and, to the extent that they have been preserved for review, found to be lacking in merit.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.