■ In the Matter of REYNALDO MATOS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [750 NYS2d 903] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting the unauthorized possession of a controlled substance, refusing to obey a direct order and refusing to comply with search and frisk procedures. According to the first of the two misbehavior reports filed against him, petitioner was undergoing a strip frisk when he refused to obey the reporting correction officer's order to spit out the contents of his mouth. Petitioner had to be forcibly restrained from swallowing the object which was subsequently disclosed to be an envelope containing seven packages of powder. The second misbehavior report, submitted by the correction officer who conducted the laboratory testing on the powder, identified it as heroin.

The determination of petitioner's guilt was supported by substantial evidence in the form of the two misbehavior reports, the positive laboratory test results and the hearing testimony given by the reporting correction officers (*see Matter of Martinez v Selsky*, 290 AD2d 789, 790; *Matter of Stephens v Selsky*, 260 AD2d 739, *lv denied* 94 NY2d 752, *cert denied* 531 US 850). Petitioner's contention that a satisfactory chain of custody was never established for the confiscated substance is belied by the record which discloses both an unbroken chain of custody and that the drug testing was performed in accordance with the required procedures (*see* 7 NYCRR 1010.4; *see also Matter of Spulka v Murphy*, 276 AD2d 986, *lv denied* 96 NY2d 703). Petitioner's additional assertions that his constitutional and procedural rights were violated in the course of these

proceedings have been reviewed and found to be without merit, as have the remaining issues raised herein.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.