■ In the Matter of MARK DAVIS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [759 NYS2d 590] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit the unauthorized possession of a controlled substance, smuggling and the unauthorized use of a controlled substance. The first of two misbehavior reports filed against petitioner related that, while a correction officer was doing his rounds on company 4, a net bag attached to a drag line was seen hanging outside the bars of cell 5. The correction officer confiscated the net bag and discovered packets of a white substance later confirmed to be heroin. Because the drag line was hanging straight down from cell 5 and all cells were numbered the same from one company floor to the next, it was concluded that the drag line originated from petitioner's cell (i.e., cell 5, company 5). The second misbehavior report charged petitioner with unauthorized use of a controlled substance after his urine sample, obtained as a result of the incident in the first misbehavior report, twice tested positive for the presence of marihuana. Petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt.

The detailed misbehavior reports, along with corresponding positive test results and witness testimony at the hearing, provide substantial evidence to support the determination (*see Matter of Matos v Goord*, 300 AD2d 970 [2002], *lv denied* 99 NY2d 509 [2003]; *Matter of Davis v Selsky*, 270 AD2d 548

[2000]). With respect to the first misbehavior report, petitioner maintains that there is no proof that the drag line came from his cell because the correction officer's upward view was obstructed. The correction officer who authored the misbehavior report, however, testified regarding the evidence he relied upon, albeit circumstantial, to conclude that petitioner was the source of the drag line. According to him, all inmates, including petitioner, were in their respective cells at the time of the incident and the drag line was hanging straight down from petitioner's cell (cf. Matter of Plummer v O'Keefe, 240 AD2d 827 [1997]). Turning to the charge of drug use, the documentary evidence and corroborating hearing testimony from the correction officer who tested the specimen belies petitioner's contentions that the chain of custody of his urine sample was inadequate and that proper testing procedures were not followed (see Matter of Torres v Goord, 301 AD2d 713 [2003]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.