■ In the Matter of WAYNE LAMB, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [809 NYS2d 687]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two misbehavior reports charging him with violating the prison disciplinary rules which prohibit unauthorized possession of a controlled substance, possession of a contraband and smuggling. As set forth in the first misbehavior report and supporting documentation, while a correction officer was collecting feed-up trays from the prison cells, he noticed a small packet wrapped in cellophane on the tray retrieved from petitioner. The packet contained a tan powdery substance and a letter with handwriting which the correction officer recognized as petitioner's. The second misbehavior report was issued after the items were turned over for testing, resulting in a positive test for heroin. At the conclusion of the ensuing disciplinary hearing, petitioner was found guilty of all three charges. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We are unpersuaded by petitioner's contention that the determination should be annulled because the hearing officer concluded that a comparison of petitioner's handwriting with that found on the letter "was not determinative . . . as to authorship." The basis for the charges was not based strictly on a handwriting analysis. Furthermore, even without a conclusive determination as to whose handwriting appears on the letter, the misbehavior reports, videotapes, positive test results and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Christian v Goord*, 20 AD3d 862 [2005]; *Matter of Davis v Selsky*, 305 AD2d 835, 836 [2003]; *Matter of Cruz v Selsky*, 288 AD2d 517, 518 [2001]). Petitioner's remaining contentions—that the second misbehavior report was improperly issued based upon insufficient hearsay and that there was an improper foundation laid for reliance on the positive test results—are raised for the first time in petitioner's brief and, therefore, not preserved for our review (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Binns v Goord*, 12 AD3d 1006 [2004]; *Matter of Britt v New York State Dept. of Corrections*, 283 AD2d 751 [2001]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.