■ In the Matter of Tamar Loper, Appellant, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [817 NYS2d 682]—

Appeal from a judgment of the Supreme Court (Berke, J.), entered March 7, 2005 in Washington County, which, in a proceeding pursuant CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner, an inmate, was found guilty of violating numerous prison disciplinary rules by two separate determinations that were affirmed on administrative appeal on June 1, 2004 and June 14, 2004. Petitioner received notice of these determinations on June 2, 2004 and June 15, 2004, respectively. Petitioner thereafter attempted to commence this CPLR article 78 proceeding by filing a petition with the Washington County Clerk of the Combined Courts on or about October 4, 2004. However, because petitioner did not include the required filing fee or an affidavit pursuant to CPLR 1101, his papers were returned. Petitioner subsequently cured the defect by filing the required papers on November 3, 2004, and he also requested an extension of time to serve them on respondents. Supreme Court granted his request and issued an amended order to show cause directing that the papers be served on each named respondent, as well as the Attorney General, by January 18, 2005. Petitioner, however, failed to serve the papers on respondent Gary Greene, Superintendent of Great Meadow Correctional Facility. Thereafter, respondents moved to dismiss the proceeding as barred by the statute of limitations and for lack of proper service upon Greene. Supreme Court granted the motion and petitioner now appeals.

We affirm. We agree with Supreme Court that the proceeding is untimely due to petitioner's failure to file a complete set of papers, including the filing fee, until more than four months after he received notice of the determinations at issue (*see* CPLR 217 [1], 304; *Matter of Loper v Selsky*, 26 AD3d 653, 654 [2006]). Likewise, petitioner's failure to comply with the service require-

ments of the amended order to show cause renders the proceeding jurisdictionally defective as he has not demonstrated an inability to satisfy the service requirements due to his incarceration (*see Matter of Robinson v Goord*, 21 AD3d 1150, 1151 [2005]). Consequently, we find that Supreme Court properly dismissed the petition.

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.