Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 5, 2011 in Franklin County, which partially granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with smuggling and two counts of possessing unauthorized medication. A tier III disciplinary hearing was thereafter conducted on the charges contained in both reports. The hearing was held in petitioner’s absence due to his refusal to comply with restraint procedures for exiting his cell. At the conclusion of the hearing, the Hearing Officer found petitioner guilty of all charges and the determination was affirmed on administrative appeal with a modified penalty. Petitioner subsequently commenced this CPLR article 78 proceeding claiming, among other things, that the determination should be annulled because he was not provided with a copy of the written disposition. Noting that petitioner had been provided with a copy of the disposition during the course of the proceeding, Supreme Court partially granted the petition to the extent of directing respondent to process any further administrative appeal. Petitioner appeals.
Petitioner contends that the disciplinary determination should be annulled given the Hearing Officer’s failure to comply with the regulatory requirement that he be provided with a copy of the written disposition within 24 hours of the hearing (see 7 NYCRR 254.7 [a] [5]). We disagree. The deficiency was cured by *1019 petitioner’s receipt of a copy of the written disposition during the pendency of the proceeding and he has not demonstrated that he was prejudiced. Notably, subsequent to Supreme Court’s decision, petitioner availed himself of a further administrative appeal, which was denied. Therefore, under the particular circumstances presented here, we do not find that expungement was required (see Matter of Vargas v Coughlin, 168 AD2d 917 [1990]).
Peters, P.J., Rose, Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs. [Prior Case History: 2011 NY Slip Op 33485(U).]