*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 2, 2017                     523203
_____

In the Matter of DERRICK
    TIGNER,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   November 29, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Aarons, JJ.

                    _____

        Derrick Tigner, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        After a correction officer observed petitioner wearing a
watch that was prohibited and attempted to escort petitioner to
the package room to have that watch removed from the facility,
petitioner became verbally combative, waved his hands
aggressively and refused certain commands given by the correction
officer.  As a result, petitioner was charged in a misbehavior
report with making threats, refusing a direct order, creating a
disturbance, demonstrating, engaging in violent conduct and
violating movement procedures.  Following a tier III disciplinary

hearing, petitioner was found not guilty of demonstrating and guilty of the remaining charges. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and the hearing testimony of the correction officer who authored that report provide substantial evidence supporting the determination of guilt (see Matter of Boyd v Prack, 136 AD3d 1136, 1136 [2016]; Matter of Wilson v Annucci, 129 AD3d 1422, 1422 [2015]; Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]). The conflicting narrative of the incident offered in the testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see e.g. Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]; Matter of Espinal v Fischer, 114 AD3d 978, 979 [2014]).

Turning to petitioner's procedural contentions, the misbehavior report was sufficiently detailed in terms of the time, place and conduct at issue to enable petitioner to prepare an adequate defense (see Matter of Bailey v Annucci, 142 AD3d 1195, 1196 [2016]; Matter of Cognata v Fischer, 85 AD3d 1456, 1457 [2011]; see also 7 NYCRR 251-3.1 [c] [1], [4]). While petitioner avers that he was improperly denied the right to call certain witnesses at the hearing, the testimony of the requested witnesses regarding the log book entries would have been immaterial and unnecessary given that the misbehavior report provided adequate detail of the incident (see 7 NYCRR 254.5 [a]; Matter of Burgess v Bellnier, 138 AD3d 989, 990 [2016]; Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [2013]; cf. Matter of Moncrieffe v Goord, 249 AD2d 715, 716 [1998]). We have examined petitioner's remaining contentions and find them to be without merit.

Peters, P.J., McCarthy, Egan Jr., Lynch and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court