Matter of Stevens v Bell (2021 NY Slip Op 05145)





Matter of Stevens v Bell


2021 NY Slip Op 05145


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532409
[*1]In the Matter of Sterling Stevens, Appellant,
v
Earl Bell, as Superintendent of Clinton Correctional Facility, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and Colangelo, JJ.

Sterling Stevens, Dannemora, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Bruening, J.), entered October 14, 2020 in Clinton County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondent's motion to dismiss the petition.
Following a disciplinary hearing, petitioner, an incarcerated individual, was found guilty of violating certain prison disciplinary rules. That decision was affirmed upon administrative appeal by a determination issued July 19, 2019 and received by petitioner on July 24, 2019. On November 13, 2019, petitioner purportedly mailed to the Clinton County Clerk's office a letter stating that he enclosed the petition and other supporting papers but did not include a filing fee. Following receipt of petitioner's subsequent application for poor person status, the petition and supporting papers were filed with the Clinton County Clerk's office on December 2, 2019.
Respondent moved to dismiss the petition on the basis that it was barred by the statute of limitations and because no filing fee was paid. Petitioner opposed the motion and cross-moved pursuant to CPLR 2001, requesting that any mistakes or omissions in filing be excused and seeking a nunc pro tunc declaration that the petition was timely filed on November 14, 2019. Supreme Court, among other things, granted respondent's motion and dismissed the petition as untimely. Petitioner appeals.
We affirm. A challenge to a prison disciplinary determination must be commenced within four months of receipt of the final determination under review (see CPLR 217 [1]; Matter of Thorne v LaClair, 166 AD3d 1181, 1181 [2018]). Having received notification of the final administrative determination on July 24, 2019, the four-month statute of limitations expired on November 24, 2019 (see Matter of Gillard v Annucci, 175 AD3d 768, 768 [2019], lv denied 34 NY3d 907 [2020]). As the petition was not filed until December 2, 2019, Supreme Court properly dismissed the petition as untimely (see Matter of Loper v Selsky, 29 AD3d 1183, 1183 [2006]). In support of his contention that the Clinton County Clerk received the petition for filing in a timely manner and neglected its statutory obligation to time stamp the petition upon receipt, petitioner relies on the estimated time for postal delivery and his assertion that the Clinton County Clerk initially rejected his filing and sent a letter after receiving his petition advising him to file a poor person application. However, the record fails to support petitioner's contention; there is no record evidence or documentation revealing that the petition was received within the statute of limitations period. Finally, despite petitioner's argument to the contrary, the mere mailing of the petition is insufficient to deem a proceeding such as this commenced for statute of limitations purposes (see Matter of Loper v Selsky, 26 AD3d 653, 654 [2006]; Matter of Blanche v Selsky, 13 AD3d 681, 682 [2004], appeal dismissed and lv denied 4 NY3d 844 [2005[*2]]). We have reviewed petitioner's remaining contentions and find them to be unpersuasive.
Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.