Matter of McCray v Annucci (2022 NY Slip Op 03419)





Matter of McCray v Annucci


2022 NY Slip Op 03419


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

531838
[*1]In the Matter of John McCray, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:April 21, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

John McCray, Coxsackie, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Bruening, J.), entered April 30, 2020 in Clinton County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time-barred.
Petitioner was charged in a misbehavior report with violating certain prison disciplinary rules. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. Upon administrative appeal, the determination was affirmed on June 5, 2019. Petitioner thereafter attempted to commence a CPLR article 78 proceeding to challenge the determination by filing a notice of petition, an affidavit in support thereof, requests for poor person relief and judicial intervention and an application for an index number. Petitioner's filing, however, did not include a verified petition. By letter dated October 15, 2019, Supreme Court advised petitioner that the proceeding had not been properly commenced due to the failure to file a verified petition and instructed petitioner "to file same as soon as possible." Petitioner responded by relabeling his supporting affidavit as a verified petition and resubmitting such document by mail on October 25, 2019. Respondent answered and asserted that the proceeding was time-barred. Supreme Court dismissed the proceeding as untimely, prompting this appeal.
A proceeding to challenge a prison disciplinary determination "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; see Matter of Stevens v Bell, 197 AD3d 1474, 1475 [2021]; Matter of Gillard v Annucci, 175 AD3d 768, 768 [2019], lv denied 34 NY3d 907 [2020]). Such determination, in turn, becomes final and binding when the aggrieved party receives notice thereof (see Matter of Gillard v Annucci, 175 AD3d at 768; Matter of Harvey v Bradt, 91 AD3d 1222, 1222 [2012]). Petitioner does not dispute that the challenged determination became final and binding on June 5, 2019 and, therefore, the "statutory deadline" for the commencement of this proceeding was October 5, 2019. Rather, petitioner contends that the papers he tendered prior to that date — the notice of petition, together with his affidavit in support thereof, requests for poor person relief and judicial intervention and application for an index number — were sufficient to commence this proceeding in a timely manner. We disagree.
"[A CPLR] article 78 proceeding is commenced with the service of a 'notice of petition, together with the petition and affidavits specified in the notice'" (Matter of Lebow v Village of Lansing Planning Bd., 151 AD2d 865, 866 [1989], quoting CPLR 7804 [c]; see Matter of Long Is. Citizens Campaign v County of Nassau, 165 AD2d 52, 55 [1991]; see generally Lilley v Greene Cent. Sch. Dist., 187 AD3d 1384, 1388 [2020]). A proceeding of this nature "is deemed commenced for statute of limitations purposes on the date on which the clerk of the court actually receives the petition [*2]in valid form" (Matter of West v Polizzi, 166 AD3d 1158, 1159 [internal quotation marks and citation omitted]; accord Matter of Ennis v Annucci, 160 AD3d 1321, 1322 [2018]; see Matter of Heffernan v New York City Mayor's Off. of Hous. Recovery Operations, 196 AD3d 426, 426 [2021], lv denied ___ NY3d ___ [Apr. 26, 2022]). Notably, "the failure to file the papers required to commence a proceeding constitutes a nonwaivable, jurisdictional defect" (Matter of West v Polizzi, 166 AD3d at 1159 [internal quotation marks and citations omitted]; accord Matter of Mullings v Lee, 178 AD3d 1217, 1218 [2019]).
Given that the petition was not received in valid form until October 31, 2019 — more than three weeks after the expiration of the four-month statutory period — Supreme Court properly dismissed the proceeding as untimely (see Matter of Stevens v Bell, 197 AD3d at 1475; Matter of Gillard v Annucci, 175 AD3d at 768; Matter of West v Polizzi, 166 AD3d at 1159; Matter of Ennis v Annucci, 160 AD3d at 1322). Contrary to petitioner's assertion, the provisions of CPLR 2001 cannot be invoked to remedy a jurisdictional defect (see Matter of West v Polizzi, 166 AD3d at 1159; Matter of Ennis v Annucci, 160 AD3d at 1322). Similarly, the fact that petitioner received a notice of judicial assignment prior to the expiration of the statute of limitations does not evidence that the petition was filed in proper form in a timely matter (cf. Matter of Stevens v Bell, 197 AD3d at 1475). Finally, Supreme Court's letter to petitioner instructing him to file a verified petition "as soon as possible" did not extend the applicable statute of limitations (see Matter of Facteau v Clinton County Bd. of Elections, 197 AD3d 840, 842 [2021]). In light of this conclusion, the merits of the proceeding are not properly before us.
Garry, P.J., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.