Matter of Clark v Jordan (2023 NY Slip Op 00141)

Matter of Clark v Jordan

2023 NY Slip Op 00141

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

535221
[*1]In the Matter of Jahmel Clark, Petitioner,
v
Lt. Jordan, as Hearing Officer at Sullivan Correctional Facility, et al., Respondents.

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ.

Jahmel Clark, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.

McShan, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review four determinations of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in six misbehavior reports with violations of various prison disciplinary rules stemming from distinct incidents, and four separate prison disciplinary hearings ensued. Following a March 18, 2021 tier II disciplinary hearing, petitioner was found guilty of refusing a direct order, interference with an employee and being out of place. After an April 9, 2021 tier II disciplinary hearing, petitioner was found guilty of noncompliance with a hearing disposition. At the conclusion of an April 13, 2021 tier III disciplinary hearing, petitioner was found guilty of engaging in violent conduct, creating a disturbance, refusing a direct order and making threats. Following a combined April 20, 2021 tier III disciplinary hearing on three misbehavior reports, the genesis of which were three incidents occurring on March 29, 2021, petitioner was found guilty of the charges alleged in the three misbehavior reports — to wit, making threats, engaging in violent conduct, creating a disturbance, interfering with an employee, engaging in harassment, refusing to provide a urine sample, possessing an altered item and possessing contraband. Petitioner's administrative appeals from all four determinations were unsuccessful. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the four determinations.
We confirm. As an initial matter, the Attorney General contends that petitioner's challenge to the March 18, 2021 determination is barred by the statute of limitations. We agree. "A challenge to a prison disciplinary determination must be commenced within four months of receipt of the final determination under review" (Matter of Stevens v Bell, 197 AD3d 1474, 1475 [3d Dept 2021] [citation omitted]; see CPLR 217 [1]). Having received notification of the final administrative determination on March 26, 2021, the four-month statute of limitations expired on July 26, 2021 (see Matter of Stevens v Bell, 197 AD3d at 1475; Matter of Gillard v Annucci, 175 AD3d 768, 768 [3d Dept 2019], lv denied 34 NY3d 907 [2020]; Matter of Thorne v LaClair, 166 AD3d 1181, 1181 [3d Dept 2018]). As the petition was not filed until August 13, 2021, petitioner's challenge to the March 2021 determination is untimely (see CPLR 217; Matter of McCray v Annucci, 205 AD3d 1273, 1274-1275 [3d Dept 2022]; Matter of Stevens v Bell, 197 AD3d at 1475; Matter of Mercado v Rodriguez, 153 AD3d 1534, 1534 [3d Dept 2017]).
Turning to the April 9, 2021 determination finding petitioner guilty of noncompliance with a hearing disposition, the misbehavior report, documentary evidence and hearing testimony, including the testimony from the author of the misbehavior report, provide [*2]substantial evidence to support the determination (see Matter of Bettis v Dufrain, 256 AD2d 872, 872 [3d Dept 1998]). In addition, we are unpersuaded by petitioner's contention that he was improperly removed from the hearing, "as the record reflects that he continued to interrupt and be argumentative despite warnings that he would be removed if his conduct continued" (Matter of McMaster v Rodriguez, 159 AD3d 1173, 1174 [3d Dept 2018]; see Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1472 [3d Dept 2017]; compare Matter of Clark v Jordan, 178 AD3d 1190, 1190-1191 [3d Dept 2019]). We also disagree with petitioner's contention that the disciplinary determination should be annulled given the Hearing Officer's alleged failure to comply with the regulatory requirement that he be provided with a copy of the written disposition within 24 hours of the hearing (see 7 NYCRR 254.7 [a] [2]). Even if we were to accept petitioner's allegation as true, he has failed to demonstrate any prejudice given that the record reflects that he filed a timely administrative appeal, which was decided on the merits just four days after the conclusion of the hearing (see Matter of Hinton v Fischer, 102 AD3d 1018, 1018-1019 [3d Dept 2013]).
With regard to the April 13, 2021 determination, the misbehavior report and hearing testimony, including the testimony from the author of the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1327-1328 [3d Dept 2019]; Matter of Tigner v Annucci, 147 AD3d 1138, 1139 [3d Dept 2017]). Turning to petitioner's procedural objections, we reject his contention that he was improperly denied certain witnesses. Although two of his requested witnesses — incarcerated individuals who had not previously agreed to testify — refused to sign the witness refusal forms, petitioner only raised a general objection and did not specifically request any further inquiry by the Hearing Officer to ascertain the reason for the inmates' refusal to sign the witness refusal form, thereby failing to preserve the issue for our review (see Matter of Randolph v Annucci, 190 AD3d 1196, 1197-1198 [3d Dept 2021]; Matter of Clark v Annucci, 170 AD3d 1499, 1500 [3d Dept 2019]; Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d at 1328). "The record further establishes that any defects in his prehearing employee assistance were remedied by the Hearing Officer, and petitioner has not demonstrated that he was prejudiced by said defects" (Matter of Gulifield v Annucci, 164 AD3d 1001, 1003 [3d Dept 2018] [citations omitted]).
To the extent that petitioner raises a substantial evidence claim relative to the April 20, 2021 determination of guilt, we find that the detailed misbehavior reports, documentary evidence and hearing testimony, including the testimony from the authors of the three misbehavior reports dated [*3]March 29, 2021, provide substantial evidence to support the determination of guilt (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d at 1327-1328; Matter of Tigner v Annucci, 147 AD3d at 1139). "Petitioner's claim that [the] reports were written in retaliation for prior altercations with or [purported and alleged] grievances and complaints he had made against the authors presented credibility determinations for the Hearing Officer[] to resolve" (Matter of Fulton v Capra, 199 AD3d 1139, 1140 [3d Dept 2021] [citations omitted]). Given that petitioner was charged and found guilty of providing a false urine sample — and not testing positive for drug use — his arguments concerning the applicable drug-testing procedures are inapposite (cf. People v Sardinas, 159 AD2d 963, 963 [4th Dept 1990], lv denied 76 NY2d 742 [1990]). "Further, as petitioner has already served his entire penalty, which did not entail any loss of good time, his challenge to the length of confinement is rendered moot (see Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [3d Dept 2018], lv dismissed 32 NY3d 1140 [2019]; Matter of Weston v Annucci, 153 AD3d 1537, 1538 [3d Dept 2017]).
Finally, the record before us does not reflect that the Hearing Officers were biased or that the determinations under review flowed from any alleged bias (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d at 1329; Matter of Thanh Giap v Fischer, 69 AD3d 1079, 1080 [3d Dept 2010]). To the extent that petitioner's remaining contentions relative to the three April 2021 determinations are properly before us, they have been considered and found to lack merit.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.