Matter of Girard v Annucci (2023 NY Slip Op 02819)

Matter of Girard v Annucci

2023 NY Slip Op 02819

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

536118 
[*1]In the Matter of Chauncey Girard, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:April 21, 2023

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ.

Chauncey Girard, Beacon, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Kelly S. McKeighan, J.), entered August 3, 2022 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Following a tier II disciplinary hearing, petitioner, an incarcerated individual, was found guilty of violating certain prison disciplinary rules in a July 17, 2021 determination. That decision was affirmed upon administrative appeal in a determination received by petitioner on July 29, 2021. On December 22, 2021, petitioner commenced this CPLR article 78 proceeding challenging the determination, and respondent moved to dismiss the petition as barred by the statute of limitations. Supreme Court granted respondent's motion, and petitioner appeals.
We affirm. A proceeding challenging a prison disciplinary determination must be commenced within four months of receipt of the final determination under review (see CPLR 217 [1]; Matter of McCray v Annucci, 205 AD3d 1273, 1274 [3d Dept 2022]; Matter of Stevens v Bell, 197 AD3d 1474, 1475 [3d Dept 2021]). "Such determination, in turn, becomes final and binding when the aggrieved party receives notice thereof" (Matter of McCray v Annucci, 205 AD3d at 1274 [citations omitted]). Having received notification of the final administrative determination on July 29, 2021, the four-month statute of limitations expired on November 29, 2021. As the petition and supporting papers were not filed until December 22, 2021, Supreme Court correctly dismissed the petition as untimely (see Matter of Stevens v Bell, 197 AD3d at 1475; Matter of Loper v Selsky, 29 AD3d 1183, 1183 [3d Dept 2006]). Petitioner's remaining contention, even if properly before us, is without merit.
Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.