Matter of Sharp v Rodriguez (2025 NY Slip Op 00358)

Matter of Sharp v Rodriguez

2025 NY Slip Op 00358

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CV-24-0238
[*1]In the Matter of Vernon Sharp III, Appellant,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:January 3, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Vernon Sharp III, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Catherine Leahy-Scott, J.), entered December 20, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Following a tier III prison disciplinary hearing, petitioner, an incarcerated individual, was found guilty of violating certain prison disciplinary rules in a determination on December 2, 2022. That decision was affirmed by respondent on February 13, 2023, and received by petitioner on the same day. On July 14, 2023, petitioner commenced this CPLR article 78 proceeding challenging respondent's determination, and respondent moved to dismiss the petition as barred by the applicable statute of limitations. Supreme Court granted respondent's motion to dismiss the petition, and petitioner appeals.
We affirm. A CPLR article 78 proceeding challenging a prison disciplinary determination must be commenced within four months of receipt of the final determination under review (see CPLR 217 [1]; Matter of Girard v Annucci, 216 AD3d 1387, 1388 [3d Dept 2023]; Matter of Clark v Jordan, 212 AD3d 976, 977 [3d Dept 2023]). A determination becomes final and binding when the aggrieved party receives notice thereof (see Matter of Gillard v Annucci, 175 AD3d 768, 768 [3d Dept 2019], lv denied 34 NY3d 907 [2020]). "A proceeding of this nature is deemed commenced for statute of limitations purposes on the date on which the clerk of the court actually receives the petition in valid form" (Matter of McCray v Annucci, 205 AD3d 1273, 1275 [3d Dept 2022] [internal quotation marks and citations omitted]), which requires service of "a notice of petition, together with the petition and affidavits specified in the notice" (CPLR 7804 [c]; accord Matter of Lebow v Village of Lansing Planning Bd., 151 AD2d 865, 866 [3d Dept 1989]).
Here, the record demonstrates that petitioner did not submit the petition and related documentation in valid form prior to the expiration of the four-month statutory period, and, therefore, Supreme Court properly dismissed the petition (see Matter of West v Polizzi, 166 AD3d 1158, 1159 [3d Dept 2018]; Matter of Ennis v Annucci, 160 AD3d 1321, 1322 [3d Dept 2018]; Matter of Payne v Prack, 117 AD3d 1251, 1251 [3d Dept 2014]). Although petitioner timely submitted an initial petition and supporting papers with the Albany County Court Clerk on June 9, 2023, those papers were rejected due to defects in form, which prevented them from being filed with the Albany County Clerk's office (see Matter of McCray v Annucci, 205 AD3d at 1275; Matter of Payne v Prack, 117 AD3d at 1251). "Moreover, the deficiencies in the initial papers submitted [by petitioner on June 9, 2023] are not subject to correction pursuant to CPLR 2001 so as to render the proceeding timely inasmuch as the failure to file the papers required to commence a proceeding constitutes a nonwaivable, jurisdictional defect" (Matter of West v Polizzi, 166 AD3d at 1159 [internal quotation [*2]marks and citations omitted]). Accordingly, petitioner's June 2023 filings are insufficient to constitute timely filing for statute of limitations purposes (see Matter of McCray v Annucci, 205 AD3d at 1275; Matter of Loper v Selsky, 26 AD3d 653, 654 [3d Dept 2006]; but cf. Matter of Mullings v Lee, 178 AD3d 1217, 1218 [3d Dept 2019]). Petitioner's remaining claims have been considered and found to be without merit or rendered academic.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.