Matter of Heard v Rodriguez (2025 NY Slip Op 04287)

Matter of Heard v Rodriguez

2025 NY Slip Op 04287

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-1174
[*1]In the Matter of Radell Heard, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:June 20, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Radell Heard, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with making threats, engaging in violent conduct, refusing a direct order, creating a disturbance, harassment and interfering with an employee. According to the misbehavior report, petitioner was observed using an aggressive and hostile tone while asking the superintendent about a grievance that he had filed; after which question was answered petitioner became agitated, shouting "I don't give a f**k about your title, I don't give a f**k about who you think you are. You can't do whatever you want and get away with it and think you are safe in here." As petitioner continued to shout over direct orders to stop his behavior, other incarcerated individuals congregated toward petitioner and, despite attempts at de-escalation, some of the other incarcerated individuals began to protest. Petitioner continued to defy direct orders and used a closed fist to violently strike his bed and point his finger at the deputy superintendent, stating "[t]hat uniform don't mean s**t. I just came out the f**king box in [F]ishkill. Ya'll keep playing f**king games and watch what happens!" Following a tier III prison disciplinary hearing, petitioner was found guilty of the charges contained in the misbehavior report, and a penalty was imposed. The determination was upheld on administrative appeal, and the penalty was later reduced on discretionary review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony, including the testimony from the deputy superintendent of security who authored the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Cato v Martuscello, 232 AD3d 1191, 1192 [3d Dept 2024]; Matter of Jackson v Annucci, 209 AD3d 1086, 1087 [3d Dept 2022]; Matter of Daum v Sipple, 199 AD3d 1156, 1156-1157 [3d Dept 2021]). The contrary testimony offered by petitioner and his witnesses, as well as petitioner's assertion that the misbehavior report was fabricated in certain respects, presented credibility issues for the Hearing Officer to resolve (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [3d Dept 2019]; Matter of Tigner v Annucci, 147 AD3d 1138, 1139 [3d Dept 2017]).
"We reject the contention of petitioner that [the Commissioner of Corrections and Community Supervision] failed to make an adequate response to his administrative appeal inasmuch as [the Commissioner] was 'not required to articulate the factors relied on in affirming, on administrative appeal, the determination of guilt' " (Matter of Cuppuccino v Harper, 187 AD3d 1679, 1680 [4th Dept 2020], quoting Matter of Pender v Fischer, 69 AD3d [*2]1099, 1100 [3d Dept 2010], lv denied 14 NY3d 708 [2010]; see 7 NYCRR 254.8). "We are further unpersuaded by petitioner's allegations of bias, as the Hearing Officer expressly considered petitioner's testimony and that of his witnesses, and an adverse ruling or credibility determination is not indicative of bias nor is there . . . any indication that the determination of guilt flowed from any alleged bias" (Matter of Pleasant v Shope, 233 AD3d 1156, 1158 [3d Dept 2024] [citations omitted]; see Matter of Randolph v Annucci, 190 AD3d 1196, 1198 [3d Dept 2021]). Petitioner's remaining arguments, to the extent properly before us, have been considered and found to be lacking in merit.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.